### STATE OF CONNECTICUT *v.* GERALD PARKER, SR.

REVIEW DIVISION OF THE SUPERIOR COURT

Decided September 28, 1962

*Gerald Parker, Sr.,* the defendant, pro se.

*Otto J. Saur,* state's attorney, for the state.

BY THE DIVISION. The defendant, age 33, was convicted of violating the Uniform State Narcotic Drug Act (General Statutes, c. 344) and was given a sentence of not less than five nor more than seven years in the state prison.

On November 6, 1961, the Norwalk police received a complaint from a local merchant that several men attempted a flimflam scheme at his liquor store. While investigating this complaint, the police stopped an automobile answering the description of the one mentioned in the complaint. The defendant was an occupant of the automobile. A search of it brought forth a "narcotics kit" which contained paraphernalia generally used by addicts in administering narcotics. The defendant admitted ownership of the narcotics kit. An analysis of the narcotics kit showed that narcotics such as morphine and heroin were found on the kit articles such as the eyedropper and bottle cap. Upon further investigation, the defendant admitted using narcotics

but denied that he had the habit to the extent where he cannot stop the use of drugs.

In this case, the defendant pleaded guilty to the charge of having drugs in his possession in violation of § 19-246 of the General Statutes. The record discloses, however, that such narcotics as the defendant possessed were small quantities which were attached to the narcotics kit and were not intended for use by anyone other than the defendant; nor is there any indication in the record that the defendant is engaged in narcotics traffic. While under the charge to which the defendant pleaded the court might impose the penalties provided by § 19-265 of the General Statutes, we conclude that under the circumstances of this case a sentence under § 19-265a of the General Statutes is more appropriate.

It is ordered that the defendant be resentenced and that he be committed to the state prison for a period of not less than one nor more than five years.

COVELLO, HEALEY and MACDONALD, Js., participated in this decision.